Joseph **ALTMAN** et al.

v.

Marion **RIDER** et al., Executors of Will of Henrietta S. Davis, Deceased, et al.

**SHELBY COUNTY TRUST & BANKING CO.**, Administrator with Will Annexed and Trustee under the Will of Leopold Samuel, Deceased,

v.

Marion **RIDER**, and Farmers Bank & Capital Trust Co., Executors of the Will of Henrietta S. Davis, Deceased, et al.

Court of Appeals of Kentucky.

June 15, 1956.

578

Henry Meigs, II, Frankfort, Ellis Levy, New York City, for appellants Joseph Altman and others.

Matthews & Matthews, Robert F. Matthews, Shelbyville, for appellant Shelby County Trust & Banking Co., Admistrator, and others.

Allen Prewitt, Frankfort, Robt. F. Matthews, Shelbyville, Louis Cox, Frankfort, Harold Y. Saunders, Shelbyville, Hobson & Meigs, Henry Meigs, II, Frankfort, for appellee Marion Rider, Executor, and others.

CULLEN, Commissioner.

Leopold Samuel died in 1926. Under his will, his entire estate was left to his daughter for life, with directions that upon her death the estate be liquidated and certain specific bequests be paid in money. One of the bequests was of $10,000 to "Wolf Bodenheimer's descendants."

The daughter, between 1927 and 1930, endeavored to buy up the interests of all the specific beneficiaries, with the view of acquiring a fee simple title to the entire estate. No question exists as to her success in this endeavor, except with respect to the bequest to Wolf Bodenheimer's descendants. She purchased the interests of the persons who, at the time of Leopold Samuel's death, were the lineal heirs of Wolf Bodenheimer. The question is now presented as to whether the rightful owners of this bequest are not the persons who constituted the class of descendants of Wolf Bodenheimer at the time of the daughter's death in 1953. These persons, 52 in number, asserted a claim after the daughter's death. The action now before us was instituted by the executors of the daughter's will to obtain a declaration of rights.

█ The trial court held that the bequest under Leopold Samuel's will was to the lineal heirs of Wolf Bodenheimer, ascertained as of the date of Samuel's death, and that the daughter had satisfied the bequest by her purchase from those heirs in 1929. The persons now claiming to be the rightful class of descendants, and the trust company designated as liquidating trustee under the Samuel will, have appealed.

This is Leopold Samuel's will:

"This my only Testament or Will for disposal of all my properties after I am dead. My daughter Mrs. David Samuel Davis shall take charge and possess all properties I got during her lifetime, after paying taxes, necessary repairs and Fire Insurance, receive all incomes without interference of any one. None of properties shall be sold or traded off whatsoever. After my daughter's death all my properties shall be turned into money by Shelby County Trust and Banking Company and distributed in the following manner proportionately.

D. P. Davis if yet alife $25,000—
Mrs. Leon Goetz Sommers
 children $5000.00 each 15,000—

| | |
|---|---|
| Wolf Bodenheimer's descendants (Frankfurt a/ Main Germany) | 10,000— |
| Jewish Cleveland Orphan Asylum | 5,000— |
| National Jewish hospital for consumtives (Denver Col.) | 5,000— |
| Moses Montefiore Home | 5,000— |
| Jewish National Farm School | 5,000— |
| King's Daughters Hospital in Shelbyville, Kentucky | 5,000— |
| King's Daughters Hospital in Frankfort, Kentucky | 5,000— |
| Adath Israel congregation cemetery to be invested perpetually, the interest thereof for the upkeep of my cemetery lot and pay all dues thereon. | 1,000— |

Frankfort, Kentucky July 5, 1920

Leopold Samuel"

Wolf Bodenheimer had befriended Samuel when the latter was a child, in Germany. Wolf died in 1894.

At the time of Leopold Samuel's death, the descendants of Wolf Bodenheimer consisted of four children and three grandchildren by a deceased child. Samuel's daughter purchased their interests. At the time of her death in 1953, four of the original descendants were still living. The remaining 48 claimants are lineal issue of the original descendants (including the four surviving ones).

All parties to the appeals agree that the question is one of determining the intent of the testator. Any clear indications of specific intent being absent, the parties suggest the application of various rules for supplying the intent. The briefs discuss the law of class gifts, vested or contingent remainders, and per capita or per stirpes distributions.

We think perhaps the problem may be solved without our becoming involved in the intricacies of the law of property, if we merely attempt to project what the testator expected to happen. It is clear he expected that, upon his daughter's death, sums of money would be delivered to certain living individuals. He had no contemplation of such things as vested or contingent estates, or class gifts—he simply wanted some people in Wolf Bodenheimer's blood line to get some money when his daughter died. Since he obviously intended a physical distribution to living people, it must be concluded that there was an implied condition of survivorship. Accordingly, we must hold that only persons in existence at the termination of the life estate were to take under the will. See Ford v. Jones, 223 Ky. 327, 3 S.W.2d 781.

Wolf Bodenheimer was not related to Leopold Samuel. Therefore, and considering the fact that Samuel would have had a natural desire to benefit those most closely related to Bodenheimer, we think it must be concluded that Samuel intended the distribution to be made in accordance with the degree of relationship of the takers to Bodenheimer, or in other words, per stirpes. Under a somewhat comparable will, in Skiles v. Bowling Green Trust Co., 294 Ky. 211, 171 S.W.2d 235, it was held that the distribution should be per stirpes. See also Restatement of the Law of Property, Future Interests, sec. 303.

Of the 52 descendants of Wolf Bodenheimer who were living at the time of the life tenant's death, four were persons who received payment for their shares in 1929. One of them, Adolph Bodenheimer, was the only child of a then deceased son of Wolf. The other three were the only then living children of a deceased daughter of Wolf (a fourth child of this daughter had died without issue). Clearly these four are barred of any claim, by reason of the payment received by them in 1929. Their issue also are barred, because the issue could have become members of the benefitted class only through the death of the parents prior to termination of the life estate. See Restatement of the Law of Property, Future Interests, sec. 303, Comment (1) (e), page 1660.

One of the sons of Wolf Bodenheimer died without issue. This left his share to

be divided among the lineal descendants of the other six children of Wolf, resulting in there being six basic shares. The four persons above mentioned, who are barred of any claim, represent two of those basic shares, which leaves only four basic shares now entitled to payment out of the estate of Leopold Samuel. The three children of Regina Altman are entitled to divide one share, receiving $\frac{1}{18}$ each. The son of Bertha Bodenheimer is entitled to one share. The three children of Sofie Falk are entitled to divide one share, receiving $\frac{1}{18}$ each. The same is true as to the three children of Leo Bodenheimer. The issue of these children have no interest, for the reason hereinbefore indicated.

The parties are agreed that because of the word "proportionately" in the Samuel will, the specific bequests in the will would increase proportionately if the Samuel estate was large enough to pay more than the designated amounts; also, that by reason of the death of D. P. Davis before his wife, his bequest went to increase the bequests of the others. It is agreed that the descendants of Wolf Bodenheimer are entitled to $\frac{10}{56}$ of the net estate of Samuel as of the date of the daughter's death. Since the daughter acquired $\frac{5}{6}$ of this bequest by purchase in 1929, there remains $\frac{5}{6}$ of $\frac{10}{56}$ to be divided among those descendants whom we have indicated are entitled to be paid.

■ Because, to the extent of the distribution to a portion of the descendants of Wolf Bodenheimer, the will of Leopold Samuel remains partially to be carried out, it is our opinion that the Shelby County Trust and Banking Company, as liquidating trustee named in the will, is entitled to participate in such liquidation of the estate as may be necessary to make the required distribution. The trustee should act jointly with the executor of the will of Mrs. Davis in making such liquidation.

The judgment is reversed, with directions that judgment be entered in conformity with this opinion.